IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

Clerk of the Circuit Court
2019 OCT 24 AM 9: 07
PR GEO CO MD #31

| | |
|---|---|
| OVRANG SOHRABI<br>11721 Beall Mountain Road<br>Potomac, MD 20854 | : <br> : <br> : |
| Plaintiff | : |
| Vs. | : Case No. CAE19-34716 |
| MANDANA MIRGHAHARI<br>515 W. Commonwealth Avenue #103<br>Fullerton, CA 92832 | : <br> : <br> : |
| Defendant | : |

## COMPLAINT

The Plaintiff, Ovrang Sohrabi ("Mr. Sohrabi"), by and through his attorneys, V. Peter Markuski, Jr., Esquire, and Goozman, Bernstein & Markuski, and Goozman, Bernstein & Markuski, hereby sues the Defendant, Mandana Mirghahari ("Ms. Mirghahari"), and states as follows:

### The Parties

1. Mr. Sohrabi is an adult resident of Montgomery County, Maryland.

2. Ms. Mirghahari is an adult resident of Prince George's County, Maryland.

### Jurisdiction and Venue

3. Jurisdiction in this Court is proper pursuant to the Maryland Code, Courts and Judicial Proceedings Article §6-102, §6-103.

4. Venue in this Court is proper pursuant to the Maryland Code, Courts and Judicial Proceedings Article §6-201, §6-203.

1

G:\VPM\CLIENTS\BUSINESS LITIGATION\SOHRABI vs. MANDANA MIRGHAHARI\PLEADINGS\COMPLAINT.docx

### Facts Common to All Counts

5.     Mr. Sohrabi and Ms. Mirghahari reached an agreement that Mr. Sohrabi was to purchase certain properties and they were to be titled in Ms. Mirghahari's name to be transferred back to Mr. Sohrabi at his request. That the following properties were purchased: 11312 Cherry Hill Road, Unit 201, Beltsville, MD 20705, 11382 Cherry Hill Road, Unit 301, Beltsville, MD 20705, and 7505 Riverdale Road, Unit 2037, Hyattsville, MD 20784 (collectively referred to herein as the "Trust Properties").

6.     In fact, Mr. Sohrabi advanced all of the funds for the purchase of the Trust Properties. That Mr. Sohrabi made substantial repairs and improvements to the Trust Properties at his sole expense.

7.     Despite Mr. Sohrabi advancing all of the funds for the purchase of the Trust Properties, for reasons unknown, Ms. Mirghahari, after demand, has refused and failed to transfer the properties back to Mr. Sohrabi.

8.     The record owner of the Trust Properties is Ms. Mirghahari.

9.     Mr. Sohrabi is an owner and has an equitable interest in the Trust Properties based on the agreement he reached with Ms. Mirghahari and his advancement of all of the funds for the purchase, repair and maintenance of the Trust Properties.

10.    Pursuant to Rule 12-102, since this action affects title to or an interest in real property located in the State of Maryland, the filing of this Complaint constitutes a *Lis Pendens* on the properties described herein.

## COUNT I
(Declaratory Judgment)

The Plaintiff, Mr. Sohrabi, incorporates by reference each and every allegation contained in paragraphs 1 through 10 hereof as if stated at length herein and alleges further:

11.  This Count is for declaratory relief pursuant to the Maryland Code Courts and Judicial Proceedings Article §§3-401 *et. seq.*

12.  Mr. Sohrabi is an owner and has an equitable interest in and equitable title to the Trust Properties since Mr. Sohrabi and Ms. Mirghahari reached an agreement for Mr. Sohrabi to purchase the properties and title them in Ms. Mirghahari's name, until such time as Mr. Sohrabi requested the properties be transferred.

13.  Moreover, Mr. Sohrabi advanced all of the funds for the purchase, repair and maintenance of the Trust Properties.

14.  Issues exist as to the ownership interests in the Trust Properties.

15.  Actual controversies of justiciable issues exist between the parties to this case within the jurisdiction of this Court involving the rights and liabilities of the parties regarding the ownership interests in the Trust Properties.

16.  Antagonistic claims are present between the parties and these claims indicate imminent and inevitable litigation.

17.  A declaratory judgment by this Court will terminate this controversy.

WHEREFORE, the Plaintiff, Ovrang Sohrabi, respectfully requests this Honorable Court to:

1.  Adjudicate and determine the rights and liabilities of the parties with respect to the ownership of the Trust Properties;

3

G:\VPM\CLIENTS\BUSINESS LITIGATION\SOHRABI vs. MANDANA MIRGHAHARI\PLEADINGS\COMPLAINT.docx

2. Determine and hold that Mr. Sohrabi is the owner of all of the real property and improvements commonly known as 11312 Cherry Hill Road, Unit 201, Beltsville, MD 20705;

3. Determine and hold that Mr. Sohrabi is the owner of all of the real property and improvements commonly known as 11382 Cherry Hill Road, Unit 301, Beltsville, MD 20705;

4. Determine and hold that Mr. Sohrabi is the owner of all of the real property and improvements commonly known as 7505 Riverdale Road, Unit 2037, Hyattsville, MD 20784; and

5. Grant Mr. Sohrabi such other and further relief as is deemed appropriate.

## COUNT II
### (Constructive Trust)

The Plaintiff, Mr. Sohrabi, incorporates by reference each and every allegation contained in paragraphs 1 through 17 hereof as if fully stated herein and alleges further.

18. Mr. Sohrabi and Ms. Mirghahari reached an agreement to the Trust Properties.

19. Mr. Sohrabi advanced all of the funds for the purchase of the Trust Properties on the condition that he would be an owner of the Trust Properties.

20. Despite Mr. Sohrabi advancing all of the funds for the purchase of the Trust Properties, for reasons unknown, Mr. Mirghahari, despite demand, has refused to transfer the Trust Properties to Mr. Sohrabi.

21. The record owner of the Trust Properties is Ms. Mirghahari.

22. Ms. Mirghahari received the benefit of the funds to purchase, repair and maintain the Trust Properties and allowing her to retain the benefit of the funds used to purchase the Trust Properties without providing Mr. Sohrabi his interest in the Trust Properties would be unjust and inequitable.

4

G:\VPM\CLIENTS\BUSINESS LITIGATION\SOHRABI vs. MANDANA MIRGHAHARI\PLEADINGS\COMPLAINT.docx

23. Should Mr. Sohrabi's ownership interest in the Trust Properties be determined to be imperfect or lack some formality prescribed by law, a constructive trust must be imposed to prevent the unjust enrichment of Ms. Mirghahari at the expense of Mr. Sohrabi.

WHEREFORE, the Plaintiff, Ovrang Sohrabi, respectfully requests this Honorable Court to:

1. Grant a constructive trust in favor of Mr. Sohrabi the fair market value of Trust Properties;

2. Order Ms. Mirghahari as a constructive trustee to convey her interest in the Trust Properties to Mr. Sohrabi, since there are no liens of record; and

3. Grant Mr. Sohrabi such other and further relief as is deemed appropriate.

## COUNT III
(Sale in Lieu of Partition)

The Plaintiff, Mr. Sohrabi, incorporates by reference each and every allegation contained in paragraphs 1 through 23 hereof as if stated at length herein and alleges further:

24. Mr. Sohrabi is an owner and has an equitable interest in the Trust Properties based on the agreement he reached with Ms. Mirghahari and his advancement of all of the funds for the purchase of the Trust Properties.

25. Mr. Sohrabi knows of no other parties who claim an interest in the properties described herein or would be materially affected by this action.

26. All of the properties are condominium units which are not susceptible to division or partition without significant diminution in value.

WHEREFORE, the Plaintiff, Ovrang Sohrabi, respectfully requests this Honorable court to:

5

G:\VPM\CLIENTS\BUSINESS LITIGATION\SOHRABI vs. MANDANA MIRGHAHARI\PLEADINGS\COMPLAINT.docx

1. Appoint a trustee to list for sale and to sell the following real property:

   a. 11312 Cherry Hill Road, Unit 201, Beltsville, MD 20705.

   b. 11382 Cherry Hill road, Unit 301, Beltsville, MD 20705.

   c. 7505 Riverdale Road, Unit 2037, Hyattsville, MD 20784.

2. And for such other and further relief as is deemed appropriate.

GOOZMAN, BERNSTEIN & MARKUSKI

_____
V. Peter Markuski, Jr., Esquire
CPF 8212010290
Attorneys for Plaintiff
9101 Cherry Lane, Suite 207
Laurel, MD 20708
301-953-7480
301-953-1339 (Fax)
vpmarkuski@gbmlawfirm.com

## CERTIFICATE OF REDACTION

I hereby certify that the undersigned counsel has not submitted any restricted information to the Court, pursuant to MD Rule 20-201(f)(1)(B), in its attached filing regarding the above-captioned matter.

_____
V. Peter Markuski, Jr., Esquire

6