IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| OVRANG SOHRABI, | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-20-2001 |
| MANDANA MIRGHAHARI, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Plaintiff Ovrang Sohrabi filed suit against Defendant Mandana Mirghahari, seeking declaratory judgment that he is an equitable owner of several properties held in Mirghahari's name. *See* ECF No. 2. Now pending before the Court is Mirghahari's Motion for Summary Judgment. ECF No. 21. A hearing on the Motion is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant the Motion.[1]

I.   BACKGROUND[2]

Sohrabi and Mirghahari were in a long-term relationship that ended in July 2019. *See* ECF No. 21-1 at 1; ECF No. 26 at 1.[3] Mirghahari is the record owner of three condominiums in Maryland, all of which were purchased during the relationship: 7505 Riverdale Road, Unit 2037, Hyattsville, MD 20784 (purchased in 2013); 11312 Cherry Hill Road, Unit 201, Beltsville, MD

---

[1] Also pending is Sohrabi's Motion for Extension of Time, ECF No. 24, which is granted.

[2] The facts are either undisputed or viewed in the light favorable to the non-moving party, Sohrabi.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

20705 (purchased in 2018); and 11382 Cherry Hill Road, Unit 301, Beltsville, MD 20705 (purchased in 2019). ECF No. 22 at 1, 2; ECF No. 26 at 4.

Sohrabi alleges that the parties agreed that he would advance funds to purchase the three properties and that Mirghahari would retain title to the properties in her own name. ECF No. 26-3 ¶¶ 5, 11, 17. However, any rental income or sale proceeds from the properties would be treated as if owned by Sohrabi, and, at Sohrabi's request, Mirghahari would transfer title back to Sohrabi. *Id.* ¶¶ 9, 15, 18, 21. In contrast, Mirghahari alleges that, while Sohrabi advanced funds for two of the properties, she paid him back in full. ECF No. 22 ¶¶ 2, 11. She also alleges that she paid Sohrabi for renovations that he never performed, *id.* ¶¶ 11, 14, and she disputes that there was ever any agreement to the transfer title to any of the properties, *id.* ¶ 16.

On October 24, 2019, Sohrabi filed the Complaint in the Circuit Court for Prince George's County, Maryland. ECF No. 2. In the Complaint, Sohrabi alleged that Mirghahari refused to transfer the three properties back to him. *Id.* ¶ 7. Sohrabi requested declaratory judgment that he has an equitable claim to the properties. *Id.* ¶¶ 9, 12. As a remedy, Sohrabi requested the imposition of a constructive trust. *Id.* ¶ 23. He further requested a sale in lieu of partition, given that all properties are condos and cannot be divided without diminution in value. *Id.* ¶ 26.

Mirghahari removed the action to this Court on the basis of diversity on July 7, 2020. ECF No. 1.[4] On that same day, Mirghahari filed an Answer to the Complaint and several counterclaims. ECF No. 3. Mirghahari asserted various affirmative defenses and alleged breach of contract, conversion, and tortious interference with contractual relations. *See id.* at 3; *see also* ECF No. 30. Sohrabi responded, ECF No. 9, and the parties began discovery, ECF Nos. 11, 16.

---

[4] Mirghahari is a resident of Maryland but her permanent address is in California. *See* ECF No. 1 at 2.

On March 15, 2021, Mirghahari filed the pending Motion for Summary Judgment as to Sohrabi's claims against her. ECF No. 21. Sohrabi responded in opposition, ECF No. 26, and Mirghahari replied, ECF No. 27.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23.

"A material fact is one that 'might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only genuine if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**III.     DISCUSSION**

The parties agree that Maryland law applies. *See* ECF No. 21-1 at 5; ECF No. 26 at 10. The Maryland Uniform Declaratory Judgments Act authorizes a court to issue a declaratory judgment when there is an "(1) actual controversy[,]" (2) "[a]ntagonistic claims between the parties involved which indicate imminent and inevitable litigation[,]" or (3) a party "asserts a legal relation, status, right, or privilege and this is challenged or denied by an adversary party[.]" Md. Code Ann., Cts. & Jud. Proc. § 3–409. "The statute's purpose is to settle and afford relief from uncertainty and insecurity with respect to the parties' rights, status, and other legal relations. It is remedial in nature and is to be 'liberally construed and administered.'" *Vogelstein v. Alto Dale, LLC*, 2022 WL 336273, at *2 (Md. Ct. Spec. App. Feb. 4, 2022) (quoting Courts & Judicial Proceedings § 3–402). "When a court considers a request for declaratory relief, it is required to declare the rights of the parties in writing." *Id.*[5]

Sohrabi asserts that he has an ownership interest in the three properties. Mirghahari disputes this. Because an actual controversy exists as to rights to the properties, this Court may determine whether Sohrabi has an interest in any of the disputed properties.[6]

---

[5] Sohrabi also references the federal Declaratory Judgment Act, 28 U.S.C. § 2201, in his response. ECF No. 26 at 10. "Where an 'actual controversy within its jurisdiction' exists, the federal Declaratory Judgment Act provides that 'any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration.'" *Al-Sabah v. Agbodjogbe*, No. 17-cv-730-SAG, 2020 WL 1063003, at *3 (D. Md. Mar. 4, 2020) (quoting 28 U.S.C. § 2201(a)). This action also meets the requirements of the federal Declaratory Judgment Act.

[6] Mirghahari first asserts that declaratory relief is improper because "Sohrabi has no basis in equity to bring this case," ECF No. 21-1 at 5, and cites to a Maryland proposition that land disputes are generally legal disputes, *see Martin v. Howard Cty.*, 349 Md. 469, 483, 709 A.2d 125, 132–33 (1998). However, Sohrabi's claim is not that he had legal title to the properties but that he has an "equitable interest in and equitable title to" the properties through his agreement with Mirghahari. *See* ECF No. 2 ¶ 12. In any case, Maryland courts have held that "the existence of an adequate remedy at law or in equity does not preclude the availability of a declaratory judgment or decree in an appropriate case*." Glorius v. Watkins*, 203 Md. 546, 548, 102 A.2d 274, 275 (1954) (collecting cases).

### A. Implied Trusts

Sohrabi asks for declaratory judgment that he is an owner of the three disputed properties. ECF No. 2 ¶ 12. The parties agree that Mirghahari holds legal title to all three properties. *See* ECF No. 22; ECF No. 26 at 12. Thus, any claim Sohrabi has to the properties must be in equity. *See Wimmer v. Wimmer*, 287 Md. 663, 668, 414 A.2d 1254, 1258 (1980).

Sohrabi argues that equity demands that this Court impose some form of "implied trust" on the properties. An "implied trust" claim "essentially suggest[s] that despite the lack of a written agreement, the holder of the property title is wrongfully possessing the property. The courts can thus conclude that the property is being held in trust for the benefit of the complainant." *Jahnigen v. Smith*, 143 Md. App. 547, 558, 795 A.2d 234, 240 (2002). Maryland courts recognize different types of "implied trusts," and two are relevant here: "constructive trusts" and "resulting trusts."[7]

"A constructive trust is a remedy that converts the holder of legal title to property into a trustee for one who in good conscience should reap the benefits of the property. Its purpose is to prevent the unjust enrichment of the holder of the property." *Porter v. Zuromski*, 195 Md. App. 361, 368, 6 A.3d 372, 376 (2010) (citing *Wimmer v. Wimmer*, 287 Md. 663, 668, 414 A.2d 1254 (1980)). "The fact that a defendant commits fraud is not enough, alone, to warrant the issuance of a constructive trust: '[i]n the ordinary case, there must be clear and convincing evidence not only of wrongdoing, but also of the circumstances which render it inequitable for the holder of the legal title to retain the beneficial interest.'" *Al-Sabah v. Agbodjogbe*, No. 17-cv-730-SAG,

---

[7] The Complaint specifically requested the imposition of a constructive trust, ECF No. 2 ¶ 23, but Sohrabi references constructive trusts and resulting trusts in his response, ECF No. 26 at 12, 13. Maryland courts will often analyze both kinds, if the facts warrant it. *See Jahnigen v. Smith*, 143 Md. App. 547, 558, 795 A.2d 234, 240 (2002).

2020 WL 1063003, at *4 (D. Md. Mar. 4, 2020) (quoting *Wimmer v. Wimmer*, 287 Md. 663, 668, 414 A.2d 1254 (1980)).

While constructive trusts are often imposed because of fraud, fraud is not required: "the remedy could be invoked for inequitable circumstances independent of fraud." *Porter*, 195 Md. App. at 361 (citing *Turner v. Turner*, 147 Md. App. 350, 422, 809 A.2d 18, 59 (2002)); *see also Wimmer*, 287 Md. at 669 (explaining that a constructive trust may be imposed when there "has been some transaction in which the alleged wrongdoer has acquired property in violation of some agreement or in which another person had some good equitable claim of entitlement to property resulting from the expenditure of funds or other detrimental reliance resulting in unjust enrichment.").

In contrast, "[r]esulting trusts, also known as purchase money resulting trusts, arise when one partner, intending the property bought to be for his or her benefit and not that of another, pays all or part of the purchase price but title is taken in the name of another." *Porter*, 195 Md. App. at 361 (internal quotations and citations omitted). A court must conclude that, despite the lack of a written agreement, that a property was intended to be held in a "trust" for the benefit of the complainant. *Jahnigen*, 143 Md. App. at 558. The "intent of the parties that a trust relationship result is important." *Porter*, 195 Md. App. at 376 (citing 76 Am. Jur. 2d Trusts § 132).

"[A]ctions for 'resulting trusts and constructive trusts are not within the Statute of Frauds, and may be proved by parol evidence.'" *Jahnigen*, 143 Md. App. at 547 (quoting *Fasman v. Pottashnick*, 188 Md. 105, 109, 51 A.2d 664, 666 (1947)). "A party wishing to establish a trust, whether express, implied or resulting, must do so by clear and convincing evidence." *Meyer v. Meyer*, 193 Md. App. 640, 657, 998 A.2d 921, 931 (2010). "The burden of proof is on the party

6

seeking to establish the trust[.]" *Taylor v. Mercantile-Safe Deposit & Tr. Co.*, 269 Md. 531, 539, 307 A.2d 670, 674 (1973). "Typically, the plaintiff seeking a constructive trust also 'has at some time owned it, or had a valid claim to or against it.'" *Al-Sabah*, 2020 WL 1063003, at *4 (quoting *Wooddy v. Wooddy*, 258 Md. 224, 233 (1970)); *see also Bregman, Berbert & Schwartz, L.L.C. v. United States*, 145 F.3d 664, 669 (4th Cir. 1998) ("A prerequisite to the imposition of a constructive trust under Maryland law is that the purported beneficiary must be able to trace the property at issue.")

In summary, for both types of trusts, the inquiry is fact-specific, and the party claiming a right to a trust has the burden of proof. For constructive trusts, there must be clear and convincing evidence of fraud or other inequitable circumstances, and for resulting trusts, there must be clear and convincing evidence of an intent that one party hold the property for another. *See Porter*, 195 Md. App. at 374, 375 (explaining that inequitable circumstances support the imposition of constructive trusts while the parties' intentions support the imposition of resulting trusts).[8]

### B. The Properties

This Court must determine whether Sohrabi has made a sufficient showing that he has an equitable interest in any of the properties. The Court looks at each property in turn.

#### 1. 7505 Riverdale Road

The parties agree that this property was purchased in September 2013 and that the title is in Mirghahari's name. *See* ECF No. 26-3 ¶ 5; ECF No. 22 ¶ 2. Sohrabi asserts that the parties

---

[8] As another court has explained, trusts are equitable remedies, not causes of action. *See United States for use of Mgmt. & Constr. Servs., LLC v. Sayers Constr., LLC*, No. 20-cv-1232-ELH, 2021 WL 1516056, at *11 (D. Md. Apr. 15, 2021) (citing *Lyon v. Campbell*, 33 F. App'x 659, 663 (4th Cir. 2002)). Thus, the Court must find either some sort of inequity or intention to create a trust before imposing one.

agreed that Mirghahari would transfer the title to him upon his request. ECF No. 26-3 ¶ 5. He alleges that the parties further agreed that the property, the income from the property, and the expenses related to the property would be treated as if the property were owned by Sohrabi. *Id.* He also asserts that they agreed that any proceeds of the sale of the property would belong to him. *Id.* ¶ 9.

Between 2013 and 2019, Sohrabi says that he, Mirghahari, and an assistant would collect rent on that property and other properties. *Id.* ¶ 6. Sohrabi then paid the condominium fees, the real estate taxes, the insurance, and maintenance costs for the property from his own funds. *Id.* He states that he also paid the expenses when the unit did not generate any income. *Id.* Sohrabi claims that he reported the income and expenses of this property on his tax returns. *Id.* ¶ 3. Sohrabi asserts that after the dissolution of their relationship, Mirghahari changed the locks and began keeping the rents for herself. *Id.* ¶ 7.

For her part, Mirghahari asserts that the parties orally agreed that Sohrabi would make the settlement payment and that Mirghahari would pay him back over several months. ECF No. 22 ¶¶ 1, 2.[9] Mirghahari states that she paid Sohrabi back in full by paying him $30,000 on October 18, 2013, and $5,000 on December 13, 2013. *Id.* ¶ 4; *see also* ECF No. 21-2 at 12, 14. She also asserts that she paid him additional money to make renovations that were never performed. ECF No. 22 ¶ 5; *see also* ECF No. 21-2 at 11. Mirghahari provides copies of the checks from bank records that show payments matching these dates and amounts. *See* ECF No.

---

[9] Sohrabi asserts that this Court must not consider facts from Mirghahari's Declaration. ECF No. 26 at 8. Pursuant to Federal Rule of Civil Procedure 56(c)(4), supporting affidavits "must be made on personal knowledge," "set out facts that would be admissible in evidence," and "show that the affiant or declarant is competent to testify on the matters stated[.]" Mirghahari's Declaration is based on personal knowledge and sets out admissible facts about the properties. There is no implication that Mirghahari is incompetent to set out these facts, and Sohrabi does not suggest how she fails to meet that requirement.

21-2 at 8, 9 (Almasi Decl.). Mirghahari also provides a copy of the deed showing the transfer of the title of the property to her. *See* ECF No. 21-2 at 6.

Sohrabi's claim for either a constructive trust or resulting trust is premised on the assertion that he paid for the property and that Mirghahari "has not reimbursed me." ECF No. 26-3 ¶ 4. But Mirghahari has provided bank records to show that, within three months of the September 2013 purchase, Mirghahari paid the entirety of the purchase price. *See* ECF No. 21-1 at 11, 12, 14. On the whole, the record supports Mirghahari's assertions that while Sohrabi initially paid for the property, she fully reimbursed him.[10]

Sohrabi argues that Mirghahari did not truly pay him back for the property because any funds Mirghahari would have used would have come from the rent of that property and others. ECF No. 26 ¶ 8. First, he has not provided any facts to establish the source of Mirghahari's funds. Sohrabi must at least show "sufficient evidence from which a reasonable jury could trace the funds at issue" to the property. *Bregman, Berbert & Schwartz.* 145 F.3d at 669; *see also Kim v. Nyce*, 807 F. Supp. 2d 442, 448 (D. Md. 2011), *aff'd in part, vacated in part on other grounds, remanded sub nom. Kim v. Parcel K-Tudor Hall Farm LLC*, 499 F. App'x 313 (4th Cir. 2012) (finding that investors were entitled to a constructive trust when fraudulently obtained funds were clearly traceable to the disputed property). Broad assertions are not enough to "trace" the funds, and the mere fact that Sohrabi was involved in the maintenance and lease of the unit does not substantiate his claim. *See Bregman, Berbert & Schwartz, L.L.C.*, 145 F.3d at 669 (noting that "we can find no Maryland authority for the proposition that a party gains an ownership interest in property simply by exercising dominion and control over it.").

---

[10] Mirghahari has also raised crossclaims against Sohrabi based on his failure to make improvements to this property and the 11382 Cherry Hill Road property. *See* ECF No. 30 at 2, 3.

Second, Sohrabi did not establish any facts to show that Mirghahari fraudulently obtained funds to reimburse him for the purchase. The parties agree that Sohrabi and Mirghahari often worked together on collecting rent for this property and others. *See* ECF No. 26-3 ¶ 2. Sohrabi says that he ran "approximately 20" rental units during their relationship. ECF No. 26 at 2. In her deposition, Mirghahari stated that she often collected rents from several properties and deposited the rent into accounts owned by both parties. *See* ECF No. 26-2 at 5, 7, 14. She also stated that associated property taxes and costs were paid from those accounts. *Id.* at 14.

Sohrabi alleges that Mirghahari was "diverting significant funds to her own use," ECF No. 26 at 3, but also says that Mirghahari was "very involved" with the collection of rent and payment of bills and that she was "authorized" to collect rents and make payments in his name, *id.* at 3, 4. By Sohrabi's own statements, he entrusted a lot of the work of running his rental businesses to Mirghahari. None of these facts sufficiently establish that Mirghahari fraudulently obtained funds from Sohrabi, let alone that fraudulent funds were used to purchase this particular property.

Sohrabi also argues that equity demands a constructive trust because he made tax, repair, and other payments on the property. Evidence that one party has made significant investments and improvements in the property can sometimes support a theory of unjust enrichment. *See Porter*, 195 Md. App. at 374 (upholding the imposition of a constructive trust when the plaintiff had "made substantial financial contributions toward the purchase of the house and paid half of the mortgage charges and other home expenses."). But here, Sohrabi has proffered no facts to establish that he made significant investments in the property. In addition, Mirghahari noted in her deposition that rents from the three properties and others were frequently comingled in their bank accounts, ECF No. 26-2 at 5, 6, 7, which suggests that the rents from this and other

properties likely contributed to the tax and maintenance payments. Both parties would have benefitted from these rents, and thus, there is no evidence of enrichment to Sohrabi's detriment. *See, e.g.*, *Wimmer*, 287 Md. at 672 n.3 (noting that while one party assumed the mortgage, it was in lieu of paying rent and thus did not support her assertion that her mortgage payments unjustly enriched the defendant).

For a constructive trust, "'there must be clear and convincing evidence not only of wrongdoing, but also of the circumstances which render it inequitable for the holder of the legal title to retain the beneficial interest.'" *Al-Sabah*, 730, 2020 WL 1063003, at *4 (quoting *Wimmer*, 287 Md. at 668). Sohrabi has failed to establish a dispute of fact as to wrongdoing or inequity. In addition, Sohrabi has failed to establish facts sufficient to support his belief that Mirghahari only held title of the property until Sohrabi asked for a transfer. *See, e.g.*, *Wimmer*, 287 Md. at 671 (noting that "there is no evidence in the record of any misrepresentations . . . as to the title of the property. There are no facts sufficient to explain the basis for [plaintiff's] belief or understanding that the property was titled in both names.").

Finally, Sohrabi has also failed to establish any evidence of a resulting trust. As discussed above, the record supports Mirghahari's assertion that the parties did not intend a resulting trust. The record instead supports her contention that the advancement of the purchase price was a loan, which she repaid.[11] Sohrabi has thus not established any facts to suggest that the parties intended Mirghahari to "hold" the property in trust for Sohrabi, as is required for a resulting

---

[11] Indeed, the Restatement (Second) of Trusts recognizes "the intention to make [a] loan to the transferee" as an affirmative defense. Restatement (Second) of Trusts § 441(c) (1959). This is because "the payor intends that the transferee should have the beneficial interest in the property. Such an intention may be shown not only by oral declarations of the payor's intention but also by the circumstances under which the transfer is made." *Id.*

11

trust. *Porter,* 195 Md. App. at 375; *see also Jahnigen,* 143 Md. App. at 558 (explaining that "resulting trusts arise as a result of the intentions of the parties as determined by a court.").

### 2. 11312 Cherry Hill Road

The parties agree that this property was bought in July 2018. *See* ECF No. 22 ¶ 7; ECF No. 26-3 ¶ 11. Mirghahari asserts that she paid for this property with an earnest money deposit of $5,000, and settlement payments of $62,000 and $1,103. ECF No. 22 ¶ 7; *see also* ECF No. 21-2 at 29, 36, 37. Mirghahari provides copies of the checks from bank records. *See* ECF No. 21-2 at 25, 32, 33. She asserts that, unlike the other two properties, Sohrabi never advanced her any funds for the purchase of this property. ECF No. 21-1 at 7. Mirghahari also provides a copy of the warranty deed to her. *See* ECF No. 21-2 at 22.

In contrast, Sohrabi argues that he actually paid for the property. ECF No. 26-3 ¶ 11. He asserts that the parties agreed that the income and expenses would be treated as if the property was owned by him. *Id.* He asserts that he or an assistant collected the rent, paid the taxes, paid insurance, and paid the maintenance, including when the unit did not generate rental income. *Id.* ¶ 12. Finally, he asserts that Mirghahari paid him back for the purchase price via the rents from that and other properties. *Id.* ¶ 14.

Sohrabi fails to establish a genuine dispute of fact as to circumstances giving rise to a constructive trust or a resulting trust. Sohrabi's claim is premised on his allegation that he advanced the purchase price for this property. ECF No. 26-3 ¶ 11. However, Sohrabi fails to establish that he provided any money for the purchase of this property. In contrast to his allegations, Mirghahari provides checks and bank records to show that she paid the purchase price outright. *See* ECF No. 21-2 at 28, 36, 37. Sohrabi presents no evidence at all to suggest that he was the source of these funds.

Sohrabi does assert that he paid tax and maintenance costs on the unit, which Mirghahari does not dispute. However, Sohrabi has not established that he made significant investments in the property such that it would be inequitable to allow Mirghahari to retain sole title. In any case, Maryland courts have noted that "[o]rdinarily, a constructive trust must be established from circumstances surrounding the inception of the transaction and not from subsequent events." *Wimmer*, 287 Md. at 671 n.3. "Subsequent conduct is only relevant to the extent that it reflects upon the intention or purpose of the person sought to be charged at the time the transaction was consummated." *Id.* Thus, in *Wimmer*, the court was not persuaded that equity required the imposition of a constructive trust when one party made the full purchase price and retained sole title to the property, despite one party later assuming the mortgage payments.

Similarly, here, at the time of property transfer, Mirghahari solely used money from her own funds. In addition, as with the other properties, rents from several properties were frequently mixed in different bank accounts, and thus, those rents likely helped pay for any associated costs. Thus, Sohrabi has not established sufficient facts for which a reasonable jury could infer unjust enrichment or fraud. *See, e.g.*, *Wimmer,* 287 Md. At 672 (reversing the imposition of a constructive trust when the plaintiff had not "transferred any funds nor parted with any other property in reliance thereon. In addition, as the house was purchased with [defendant's] funds, missing is the indispensable element of unjust enrichment.").

In addition, Sohrabi has not established any facts supporting resulting trust, as he has not sufficiently established that he advanced any money for the purchase of this property—let alone that the parties intended that Mirghahari hold the property in trust for him. *See Jahnigen*, 143 Md. App. at 557, 558. !!

### 3.  11382 Cherry Hill Road

The parties agree that this property was bought in February 2019. ECF No. 22 ¶ 11; ECF No. 26-3 ¶ 17. Mirghahari asserts that she and Sohrabi agreed that Sohrabi would make the settlement payment of just under $60,000, with Mirghahari designated as the sole owner. ECF No. 22 ¶ 11. In exchange, she agreed to pay Sohrabi's debt to Snider Keogh Plan for $70,000. *Id.* Sohrabi agreed to compensate the overpayment with renovations to the property. *Id.* Mirghahari provides a bank copy of the $70,000 check payment to Snider Keogh Plan. ECF No. 21-2 at 13. She also provides a copy of the deed in her name. *See* ECF No. 21-2 at 40.

Sohrabi argues that, like the other properties, the parties agreed that he would pay the purchase price and the title would remain in Mirghahari's name. ECF No. 26-2 ¶ 17. The parties agreed that the income and expenses would belong to Sohrabi, and he paid all associated fees and costs for the unit, even when the unit did not generate income. *Id.* ¶ 18. Finally, like the other two properties, Sohrabi claims that he reported the income and expenses of this property on his tax returns. *Id.* ¶ 3.

For the reasons discussed more thoroughly above, Sohrabi has failed to establish a dispute of material fact as to unjust enrichment or fraud to support the imposition of a constructive trust. Sohrabi does not dispute Mirghahari's assertion that she paid a debt of his in repayment for the property. As he does with the other properties, Sohrabi just generally alleges that Mirghahari's funds were traceable to him, and thus, she has not truly paid him back. ECF No. 26-3 ¶ 20. However, he does not provide any evidence or support beyond assertions. In contrast, Mirghahari has provided copies of bank records and checks, ECF No. 21-2 at 13, which support her claim that she compensated Sohrabi by later repaying a debt to a third party.

Sohrabi also does not support his assertion of a resulting trust with any facts. Instead, as Mirghahari contends, the repayment of one of his debts supports the inference that the parties did not intend a resulting trust.[12]

In summary, Sohrabi has not met his burden to overcome summary judgment for any of the properties. Though Sohrabi may have made valid and helpful contributions to all three properties, he has failed to present "clear and convincing" evidence of fraud, unjust enrichment, or a settled intention to hold the property in trust. "Maryland courts are instructed to not use constructive trusts 'as a means of attempting to right every wrong.'" *Al-Sabah*, 2020 WL 1063003, at *4 (quoting *Wimmer*, 287 Md. at 671). "Therefore, the decision to award a constructive trust, like other equitable remedies, 'rests in the discretion of the court, to be imposed or denied according to the circumstances of the case.'" *Id.* (quoting *Starleper v. Hamilton*, 106 Md. App. 632, 640 (1995)). The circumstances here do not justify either a constructive trust or a resulting trust. *See Hartsock v. Strong*, 21 Md. App. 110, 118, 318 A.2d 237, 241 (1974) (noting that a court should impose a constructive trust if the "conscience of a court . . . would be traumatized if the legal title holder were allowed to deprive the beneficial owner of that which in good conscience belongs to the beneficial owner."). This Court finds that Sohrabi has not established a genuine dispute of material fact as to Sohrabi's right to any of the three properties, and thus summary judgment is granted in Mirghahari's favor.[13]

---

[12] The Restatement (Second) of Trusts recognizes a "manifestation of intention to discharge debt to the transferee" as an affirmative defense to a resulting trust." Restatement (Second) of Trusts § 441(d) (1959). While Sohrabi's debt was to a third party, the same inference arises here: that the parties did not intend for a resulting trust because the purchase price is intended to offset a debt, not establish a beneficial interest in the property.

[13] Because this Court finds that Sohrabi has no legal right or equitable right to any of the three properties, it will also deny Sohrabi's request for a sale in lieu of partition. *See* ECF No. 2 at 5.

## IV.     CONCLUSION

For the reasons discussed, Mirghahari's Motion for Summary Judgment is granted. A separate Order follows.


Dated:  March  3, 2022                                    /s/_____
                                                          GEORGE J. HAZEL
                                                          United States District Judge