**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| OVRANG SOHRABI, | | |
| | * | |
| Plaintiff, | | |
| v. | * | Case No.: GJH-20-2001 |
| | | |
| MANDANA MIRGHAHARI | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Ovrang Sohrabi ("Counter-Defendant" or "Sohrabi") filed suit against Defendant Mandana Mirghahari ("Counter-Plaintiff" or "Mirghahari"), seeking a declaratory judgment that he is an equitable owner of several properties held in Mirghahari's name. *See* ECF No. 2. Pending before the Court is Counter-Plaintiff Mirghahari's Motion for Leave to File Second Amended Counterclaims. ECF No. 35.[1] For the following reasons, Counter-Plaintiff's motion is granted.

I.      **BACKGROUND**

   **A. Procedural Background**

On October 24, 2019, Sohrabi filed the Complaint in the Circuit Court for Prince George's County, Maryland alleging that Mirghahari refused to transfer three properties that were rightfully his. ECF No. 2 ¶ 7. Mirghahari removed the action to this Court on the basis of diversity on July 7, 2020. ECF No. 1. Mirghahari filed an Answer to the Complaint and several counterclaims. ECF No. 3. On March 15, 2021, Mirghahari filed a Motion for Summary

---

[1] Also pending before the Court is Counter-Defendant's motion for extension of time to file response as to ECF No. 35, ECF No. 38, which is moot.

Judgment as to Sohrabi's claims against her. ECF No. 21. On March 3, 2022, the Court granted

Mirghahari's Motion for Summary Judgment and dismissed Sohrabi's claims against her. ECF

No. 31. The Court also ordered Counter-Defendant Sohrabi, within fourteen days of the order, to

respond to Mirghahari's Amended Counterclaims which she had filed on January 28, 2022. ECF

Nos. 32, 30. Mirghahari's First Amended Counterclaims alleged Breach of Contract, Conversion,

and Tortious Interference with Contractual Relations. ECF No. 30. Sohrabi responded to the

Amended Counterclaims on March 15, 2022. ECF No. 33. On April 8, 2022, Counter-Plaintiff

Mirghahari filed the instant Motion for Leave to File Second Amended Counterclaims. ECF No.

35. Sohrabi filed a response in opposition on October 11, 2022. ECF No. 41.

### B. Factual Background[2]

Counter-Plaintiff and Counter-Defendant lived together in a long-term relationship until

they separated on July 5, 2019. ECF No. 35-1 ¶¶ 1, 2. After separating from Counter-Defendant,

Mirghahari told Sohrabi he was not to receive rent from her properties, but he did so anyway. *Id.*

¶¶ 3, 4. Mirghahari alleges that Sohrabi "diverted fifteen months of rent from the 11312 Cherry

Hill Road, Unit 201, Beltsville MD" property totaling $18,750, which, after subtracting fees and

taxes is $13,036.06. *Id.* ¶ 5. She also alleges that Sohrabi owes her $5,000 in overpayment

because she paid him to make improvements on the 7505 Riverdale Road property which he

never made. *Id.* ¶ 6. Sohrabi also owes her $10,000 in overpayment for "purchasing 11382

Cherry Hill Road for improvements to that property" which he never made. *Id.* ¶ 7.

Counter-Plaintiff states that Sohrabi has:

> engaged in a series of acts intended to frustrate or interfere with Counter-
> Plaintiff's ability to earn value from these properties including but not limited to:
> changing locks, seeking to induce prospective tenants not to rent; and filing this

---

[2] Unless otherwise stated, the background facts are taken from Counter-Plaintiff's Second Amended Counterclaims, ECF No. 35-1, and are presumed to be true.

frivolous action as a *lis pendens* to cloud title and prevent Counter-Plaintiff from selling them.

*Id.* ¶ 9. In 2008, Sohrabi purchased 3834 Bell Pre Road, Unit 1, Silver Spring, MD 20906 and asked Mirghahari to "pay for one-half of the $62,000 purchase price . . . and he would title the property in her name as a 50[/]50 owner." *Id.* ¶¶ 10, 11. On February and March of 2009, Mirghahari paid Sohrabi "$32,000 for one-half of [the property]." *Id.* ¶ 12. After Mirghahari made that payment Sohrabi asked her "to pay for the other half of the property in exchange for titling the entire property in her name. [She] agreed and paid [Sohrabi] and additional $30,000 in July of 2009." *Id.* ¶ 13.

Mirghahari also alleges that "Counter-Defendant owned 6701 Greenland Street, Riverdell, MD 20737 and asked [Mirghahari] to purchase it." *Id.* ¶ 14. Mirghahari paid Sohrabi $210,000 for the property in multiple payments "from May to July of 2009." *Id.* ¶ 16. Despite telling Mirghahari that he would transfer the properties when he had time, when the couple separated in July 2019, he "made it clear that he would not transfer title to Counter-Plaintiff." *Id.* ¶¶ 17, 18.

Mirghahari's Second Amended Counterclaim seeks to add a counterclaim for Resulting Trust, seeks equitable transfer of the Bell Pre Road and Greenland Street properties, and prejudgment interest on all claims. ECF No. 35-1 at 8–12. [3]

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The

decision whether to grant leave to amend a complaint lies within the sound discretion of the

district court. *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va.*, 985 F.2d 164, 167–68 (4th

Cir. 1993) (citation omitted). The Fourth Circuit has "interpreted Rule 15(a) to provide that

'leave to amend a pleading should be denied only when the amendment would be prejudicial to

the opposing party, there has been bad faith on the part of the moving party, or the amendment

would have been futile.'" *Id*. (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th

Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379

(4th Cir. 2012). Of relevance here, an amendment is futile "when the proposed amendment is

clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

An amendment is also futile if it would fail to withstand a motion to dismiss for failure to

state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th

Cir. 1995). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a

plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when

"the plaintiff pleads factual content that allows the Court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. In evaluating the sufficiency of the

plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes

them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994);

*Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). The Court

should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations." *GE

Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc.

v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

**III.    DISCUSSION**

Counter-Defendant Sohrabi argues that Mirghahari "cannot assert that she was unaware of the cause of action at the time she filed her initial counterclaims or her first amended counterclaim." ECF No. 41 ¶ 6. He also argues that the new cause of action could have previously been asserted by the deadline to amend and the new claim would expand the scope of the litigation. *Id.* ¶ 11. Finally, Sohrabi argues that Mirghahari is only requesting a resulting trust because the properties have increased in value, and that this new addition for equitable transfer is inconsistent with her request for repayment of the money she paid to Counter-Defendant. *Id.* ¶¶ 9, 10. Although not clearly articulated, it appears Defendant is arguing that the amendment would cause him prejudice and that Counter-Plaintiff has acted in bad faith.  The Court will address each argument in turn.

**A.  Prejudice**

Counter-Defendant has failed to adequately demonstrate that Mirghahari's second amended counterclaims will cause him any prejudice. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial.'" *Laber*, 438 F.3d at 427 (citation omitted). "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)) ("[b]ecause defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of

the defendant's case."). "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." *Id.*

Although discovery has begun in this case, Mirghahari's proposed amendment alleges no new facts and instead uses facts that were already present in the first amended counterclaims. There is therefore no prejudice to Sohrabi where he was already aware of the facts in the case. *See Laber*, 438 F.3d at 428 (finding no prejudice because "[a]ny discovery it did conduct need not be duplicated because Laber's proposed complaint does not put any new facts at issue but merely states an 'alternative theory' for recovery."). *See also Medigen of Ky., Inc.*, 985 F.2d at 168 (holding that adding a new claim days before trial "did not change the substance of the case, did not require additional discovery and did not prejudice the commission."). Accordingly, the Court finds that the Mirghahari's Second Amended Counterclaims would not prejudice the Counter-Defendant.

### B.  Bad Faith

Sohrabi has also failed to adequately demonstrate any bad faith on behalf of Mirghahari. "Pleading practices marked by excessive gamesmanship may evidence bad faith and warrant denial of leave to amend." *Havtech, LLC v. AAON Inc.*, No. CV SAG-22-00453, 2022 WL 2987076, at *3 (D. Md. July 28, 2022). A Plaintiff who treats his case as a game, may not be entitled leave to amend. "Such gamesmanship may be present where a plaintiff adopts contradictory factual positions 'to match their evolving legal theories'" *Id.* (quoting *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 126 (4th Cir. 2013)). "An amendment may also be offered in bad faith if it patently fails to advance a colorable legal argument, or is plagued by the same incurable pleading defects that warranted dismissal of its prior iterations." *Id.* (citing *McCall-Scovens v. Blanchard*, Civ. No. ELH-15-3433, 2016 WL 6277668, at *8 (D. Md. Oct. 27, 2016)).

Counter-Defendant has provided no facts to substantiate his argument that Mirghahari is engaging in bad faith. On the contrary, Counter-Plaintiff's Motion to Amend alleges no new facts, advances a colorable legal argument, and is attempting to amend for a permissible purpose. *See Havtech, LLC*, 2022 WL 2987076, at *3 (finding that it could not conclude that there was bad faith because there were no facts advanced that contradict earlier allegations, nor did it "belatedly introduce material facts on which it now intends to rely[]"); *Williams v. Int'l Longshoremen's Ass'n, Loc. No. 333*, No. CV RDB-06-1943, 2006 WL 8456669, at *3 (D. Md. Nov. 14, 2006) (finding no bad faith even where "the length and the detail" of the proposed First Amended Complaint indicated that the Plaintiff knew "days if not weeks prior" to the date the Motion was filed and only sought consent from Defendant's counsel "shortly before filing[]"); *Gomer v. Home Depot U.S.A., Inc.*, No. CV GLR-16-356, 2016 WL 5791226, at *5 (D. Md. Oct. 4, 2016) (finding no bad faith where Plaintiff used his Motion for Leave to Amend for a permissible purpose). Lastly, it is not impermissible to plead alternative or inconsistent remedies. Fed. R. Civ. P. 8(a)(3). Therefore, the Court finds no bad faith on behalf of Counter-Plaintiff and will permit Mirghahari's Second Amended Counterclaims.

## IV.    CONCLUSION

For the foregoing reasons, Counter-Plaintiff's Motion is granted. A separate Order follows.


Date: <u>January 31, 2023</u>                          __/s/_____
                                                       GEORGE J. HAZEL
                                                       United States District Judge

7